IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HARRY J. COLES, | ) | CIVIL NO. 15-00368 JMS-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | GRANT DEFENDANT DEBORAH |
| vs. | ) | STAMPFLE'S MOTION TO DISMISS, |
| | ) | AND DEFENDANT LORI KARAN, |
| DR. LORI KARAN, ET AL., | ) | M.D.'S SUBSTANTIVE JOINDER |
| | ) | THERETO |
| Defendants. | ) | |
| | ) | |

FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT
DEBORAH STAMPFLE'S MOTION TO DISMISS, AND DEFENDANT
LORI KARAN, M.D.'S SUBSTANTIVE JOINDER THERETO[1]

Before the Court is Defendant Deborah Stampfle's Motion to Dismiss, filed on September 29, 2016 ("Motion").  ECF No. 48. Defendant Lori Karan, M.D. filed a Substantive Joinder in the Motion on October 4, 2016.  ECF No. 50.  Although both Defendants attempted to serve Plaintiff at his address on record with copies of the Motion and Joinder, they were unable to do so.  See ECF No. 53, 55.  The Court found this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  ECF No. 51.  The Court attempted to serve its notice regarding its decision to decide the Motion without a hearing on

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

Plaintiff, but that notice was returned as undeliverable. See ECF No. 52. After carefully reviewing the submissions of the parties and the relevant legal authority, the Court FINDS and RECOMMENDS that the district court GRANT the Motion and Joinder and DISMISS this action without prejudice.

## BACKGROUND

Plaintiff filed his initial Pro Se Prisoner Complaint against Defendants on September 18, 2015. ECF No. 1. The court granted Plaintiff's Application to Proceed In Forma Pauperis on September 22, 2015. ECF No. 5. After the Court dismissed Plaintiff's Complaint with leave to amend, Plaintiff filed an Amended Pro Se Prisoner Complaint on November 25, 2015. ECF No. 8. The court directed service of the Amended Complaint on December 28, 2015. ECF No. 9. Defendant Stampfle filed her Answer on April 7, 2016; Defendant Karan filed her Answer on May 2, 2016. ECF Nos. 17, 23.

On April 8, 2016, the Court set the Rule 16 Scheduling Conference and reminded Plaintiff of his obligation under Local Rule 83.1(h) to file with the Court and serve on all parties notice of any change of address and the effective date of the change. See ECF No. 18. The Court also noted that failure to comply may result in sanctions, including but not limited to monetary fines, dismissal of the case, or entry of a judgment. Id. On May 20, 2016, after being released from custody,

Plaintiff filed a Notification of Change of Address, stating that his new address was at the Institute for Human Services ("IHS") Men's Shelter. See ECF No. 29. Plaintiff and counsel for Defendants participated in the Rule 16 Scheduling Conference on June 8, 2016. See ECF No. 33.

On June 14, 2016, Plaintiff filed a Motion for Production of Documents, which the Court construed as a discovery request and directed Plaintiff to refer to Federal Rule of Civil Procedure 37 if Defendants did not comply with the requested discovery. See ECF Nos. 37, 38. On June 22, 2016, Defendant Stampfle attempted to serve Plaintiff by mail with Defendant Stampfle's first discovery requests, but that discovery was returned stamped "Return to Sender, Unable to Forward." See ECF No. 48-1 at 2-3. In July 2016, both Defendant Stampfle and Defendant Karan attempted to serve Plaintiff with discovery responses, but were unable to serve Plaintiff at the address on record. See ECF Nos. 45, 46. Counsel for Defendant Stampfle contacted the IHS Men's Shelter and was told that Plaintiff had exited the program and had not left a forwarding address or contact information. See ECF No. 48-1 at 4. The present Motion and Joinder followed.

DISCUSSION

Federal Rule of Civil Procedure 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or

a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Additionally, pursuant to Local Rule 99.12 "[p]ro se prisoner cases may be dismissed when it appears that the pro se prisoner is not prosecuting the case with diligence to take all necessary steps to bring the action to readiness for pretrial and trial." LR 99.12. Pursuant to Local Rule 83.1(h), pro se parties are required to file a notice of change of address within fourteen days of the change. See LR 83.1(h). Local Rule 83.1(h) also provides that failure to file such a notice may result in sanctions including dismissal of the case. Id.

      Here, it appears that Plaintiff has abandoned this lawsuit. Plaintiff was advised of his obligations to notify the parties and the Court of any change of address. See ECF No. 18. Although Plaintiff filed notice of one change of address, it appears that Plaintiff has since relocated and has failed to notify Defendants and the Court of his new address. Defendants' discovery responses and discovery requests have been returned as undeliverable. Based on Plaintiff's failure to prosecute this action, the Court FINDS that dismissal is appropriate. However, because Plaintiff has not received notice of Defendants' Motion and Joinder, see ECF Nos. 53, 55, the Court RECOMMENDS that the dismissal be without prejudice. Accordingly, the Court FINDS AND RECOMMENDS that Defendant Deborah Stampfle's Motion to Dismiss

and Defendant Lori Karan, M.D.'s Substantive Joinder be GRANTED and this case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO FOUND AND RECOMMENDED.

DATED HONOLULU, HAWAII, NOVEMBER 1, 2016.



Richard L. Puglisi
United States Magistrate Judge

**COLES V. KARAN, ET AL.; CIVIL NO. 15-00178 JMS-RLP; FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT DEBORAH STAMPFLE'S MOTION TO DISMISS, AND DEFENDANT LORI KARAN, M.D.'S SUBSTANTIVE JOINDER THERETO**